PD-1355-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 10/26/2015 10:52:28 PM
Accepted 10/27/2015 4:55:38 PM
ABEL ACOSTA
CLERK

**IN THE CRIMINAL COURT OF
FOR THE STATE OF TEXAS**

_____

**Case No. _____**

_____

**JOSHUA JAMES OZUNA**

**Vs.**

**THE STATE OF TEXAS**

_____

**Appeal from the 13th Court of Appeals
Val Verde County, Texas
Case No. 13-14-00734-CR**

**Appeal from the County Court at Law
Kerr County, Texas
Trial Court No. CR14-0258
Honorable Spencer Brown Presiding, Respondent**

_____

**PETITION FOR DISCRETIONARY REVIEW**

_____

**ORAL ARGUMENT REQUESTED**

FILED IN
COURT OF CRIMINAL APPEALS

October 27, 2015

ABEL ACOSTA, CLERK

OSCAR L. CANTU, JR.
Attorney at Law, P.L.L.C.
507 South Main
San Antonio, Texas 78204  (210)472-3900 Phone
(210)354-2996 Fax
R3Oscar@aol.com

# IN THE CRIMINAL COURT OF APPEALS
# FOR THE STATE OF TEXAS

_____

**Case No.** _____

_____

## JOSHUA JAMES OZUNA

## vs.

## THE STATE OF TEXAS

_____

## CERTIFICATE OF PARTIES

Pursuant to Texas Rule of Appellate Procedure 38.1, Appellee certifies the following parties and names is a complete list of litigants and counsels in this matter:

Joshua James Ozuna, Appellant
401 Clearwater
San Antonio, TX 78204
Appellant

Oscar L. Cantu, Jr.
Counsel for Appellant
c/o OSCAR L. CANTU, JR.
Attorney at Law, PLLC
507 S Main
San Antonio, TX 78204

The State of Texas, Appellee
County Attorney's Office
700 Main St. BA-103
Kerrville, TX 782028-2215
Appellee

Hon. Spencer Brown
County Court at Law
Kerr County Courthouse
700 Main St.
Kerrville, TX 78028

__/s/ by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu

# TABLE OF CONTENTS

NAMES OF PARTIES                                                        2
REQUEST FOR ORAL ARGUMENT                                               7
TABLEOFCONTENTS                                                         4
INDEX OF AUTHORITIES                                                    5-6
INTRODUCTION                                                            7
STATEMENT OF THE NATURE OF THE CASE                                     7
STATEMENT OF PROCEDURAL HISTORY                                         7
GROUNDS FOR REVIEW                                                      8
ARGUMENT OF JUDGMENT                                                    8-11
ISSUE ONE                                                              12
ISSUE TWO                                                              17
PRAYER                                                                 20
CERTIFICATE OF SERVICE                                                 21

APPENDIX
      Judgment 13th Court of Appeals                                    1-7

# INDEX OF AUTHORITIES

*Ex parte Beck*, 922 S.W.2d 181, 182(Tex.Crim.App. 1996);                                    19

*Bone v. State*, 77 S.W.3d 828 (Tex. Crim. App., 2002)                                    10

*Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 108(1976)                                    12

*Brown v. State,* 974 S.W.2d 289, 292   (Tex.App.- San Antonio 1998, pet. ref'd)                                    13

*John Bustamante Mendez vs. The State of Texas*, 138 S.W.3d 334 (Tex.Crim.App. 2004)                                    14

*Fuentes v. Shevin,* 407 U.S. 67, 80(1972)                                    16

*Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. 1979)                                    15

*Jagaroo v. State,* 180 S.W.3d 793, 802 (Tex. App.—Houston [14th Disk] 2005, pet. ref'd)                                    16

*McFarland v. State,* 928 S.W.2d 482, 500 (Tex.Crim.App.1996)                                    13

*Ex parte McIver*, 586 S.W.2d 851, 854 (Tex.Crim.App. 1979)                                    19

*Misell v. State*, 119 S.W.3d 804(Tex.Crim.App. 2003)                                    19

*Ex parte Pena*, 71 S.W.3d at 337 n 4, 338                                    19

*Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)

*Ex parte Pritzkau*, 391 S.W.3d 185,    186 (Tex. App.-Beaumont 2012, no pet.)                                    17

*Ex parte Roberts*, 409 S.W.3d 759, 762 (Tex. App.-San Antonio 2013, no pet.)                                    17

*Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718-19 (Tex.1984)    16

*Rankin v. State*, 904 S.W.2d 707 (Tex. Crim. App. 1996)    14

*Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4(Tex.Crim. App. 2001)    19

*Smith v. State*, No. 996-98, 1999 WL 415336 (Tex. Crim. App. June 23, 1999)    14

*Soeffe v. Jones*, 270 S.W.3d 617, 625(Tex.App.-San Antonio 2008, no pet)    16

*Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)    11

*Thompson v. State*, 9  S.W.3d 808, 812 (Tex.Crim.App.1999)    11

*Whatley v Jones*, (Tex. App. 2013)    16

*Ex Parte Weinstein*, No. WR– 78, 989–01, 2014 WL 300802 at*5 (Tex. Crim. App. Jan. 29, 2014)    17


OTHER

***TEX.CODE CRIM. PROC. Art. 26.14***    15
***Texas Constitution Article 1 §10***    16
***Texas Constitution, Article 1 §19***    16
***Texas Rules of Criminal Evidence 403 and 404(b)***    12
***Texas Penal Code § 12.21***    19
***U.S. Const. amend XIV §1***    16

# IN THE CRIMINAL COURT OF
# FOR THE STATE OF TEXAS

_____

Case No. _____

_____

## JOSHUA JAMES OZUNA

## Vs.

## THE STATE OF TEXAS

_____

**Appeal from the 13th Court of Appeals**
**Val Verde County, Texas**
**Case No. 13-14-00734-CR**

**Appeal from the County Court at Law**
**Kerr County, Texas**
**Trial Court No. CR14-0258**
**Honorable Spencer Brown Presiding, Respondent**

_____

## PETITION FOR DISCRETIONARY REVIEW

_____

OSCAR L. CANTU, JR.
Attorney at Law, P.L.L.C.
507 South Main
San Antonio, Texas 78204
(210)472-3900 Phone
(210)354-2996 Fax
R3Oscar@aol.com

TO THE CRIMINAL COURT OF APPEALS:

Appellant, Joshua James Ozuna, submits this Petition for Discretionary Review in appeal of a Judgment and Sentence in a misdemeanor criminal proceeding. This Appeal is from the Thirteenth Court of Appeals (reassigned by Court Order) and originally from the County Court at Law of Kerr County, the Honorable Spencer Brown presiding, in which Appellant was charged with Possession of Marijuana less than 2oz in a Drug Free Zone.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant is convinced that oral argument is necessary to clarify the extreme nature of the allegations in this appeal and to eliminate confusion as how these events might have occurred. The Court of Appeals denied oral argument and made the same assumptions of the Trial Court which gave rise to mistakes and to this appeal.

## STATEMENT OF THE NATURE OF THE CASE

This is an appeal from the denial of a motion for new trial by operation of law. (CR doc 11). Kerr County jailed a young black Texan without plea, trial, evidence, a court reporter's record of the trial, plea or waiver or paperwork other than the usual judgment form listing a trial date.

## STATEMENT OF PROCEDURAL HISTORY

The Thirteenth Court of Appeals affirmed the conviction of Joshua James Ozuna on September 17, 2015. No motion for rehearing was filed or otherwise ruled

upon by the Court of Appeals.

## GROUNDS FOR REVIEW

The Thirteenth Court of Appeals has issued a judgment which raises three (3) grounds for review under Texas Rules of Appellate Procedure 66.3. The first is (a) the judgment conflicts with another court of appeals decision on the same point as well as its own; The second is (c) the judgment decides an important question of both state and federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals and the Supreme Court of the United States; The third is (f) the Thirteenth Court of Appeals has so far departed from the accepted and usual course of judicial proceedings and sanctioned such a departure by the lower court as to call for an exercise of the Court of Criminal Appeals' power of supervision.

## ARGUMENT

The initial introduction by the Court of Appeals illustrates the problem with the judgment. The Court opens with:

> Appellant Joshua James Ozuna **pleaded** nolo contendere to possession of less than two ounces of marihuana in a drug-free zone, a Class A misdemeanor offense.

> See Appendix entry 1. Judgment page 1

This conclusion is an assumption entirely based upon the self-serving precept that the document which use the word "trial" and "plea" are definitive proof that they occurred. The Court of Appeals statement demonstrates that it is assuming a "plea" or that the

Defendant "pleaded" as the Judgment form document used by the Trial Court claimed. The Court of Appeals overlooks the fact that no record or document is in the docket of the appeal to support that conclusion.

The judgment in this case affirms a conviction without court reporter's records and exhibits. No one disputes what the sentence was-because there is a record to quote from. What is in dispute is whether or not the Defendant ever made a voluntary waiver of his rights, actually pleaded, and was sentenced properly. What this record does reveal is a heated dispute, silencing of the record, resumption of proceedings and the sentence being pronounced.

**Paradigm used by the Court: Assumption that things occurred absent record**

The Court does admit that there is neither a reporter's record of such a plea or documents upon which to defend the conviction with. It then places the burden to prove that no trial occurred squarely upon the Defendant but misapplies prior decisions or does not examine issues on appeal. The Defendant must prove a negative to sustain the Court's analysis. Appellant asserts it is the State who should be proving the conviction as valid and defensible[1]. As the Court notes that the Clerk's record is "silent as to the circumstances of the offense." See Judgment page 1.

The Court of Appels applies this analysis requiring the Defendant to explain both an empty record on appeal and each of the two stated issues; 1)Having a visible

---

[1] The Court of Appeals makes no reflection upon the fact that the newly elected County Attorney waives her right to file a brief defending this conviction.

lawyer present with a voice pointing out the most elemental errors would have made a difference and 2) that the complete lack of any statement, word, record, document or evidence for a Reviewing Court to see is, in fact, evidence that a trial did not happen, that a knowing intelligent waiver was not made, and that it is a complete abuse of discretion to deny this young man effective counsel.

In its comment examining what little record does exist, the Court demonstrates a determination to place the burden upon the appellant to prove why the record usually found in any criminal case is absent and had he (Defendant) been allowed other counsel he would have a different outcome.

> "The reporter's record reflects the sentencing hearing and consists of two-and-a-half pages. At the end of the sentencing hearing, after the trial court has assessed punishment, appellant responded, "Okay. That's cool." Appellant's mother attempted to raise an issue regarding appellant's "other new attorney," but the State objected and the trial court did not permit any further discussion.
> Here, the sparse record is completely silent on the actions or alleged omissions of appellant's court-appointed counsel. The record contains nothing to support appellant's claims. <u>We conclude that appellant's allegations of ineffectiveness are not firmly founded in the record.</u> *See Bone*, 77 S.W.3d at 835."

When the record has no proof that Appellant's attorney was even present, Appellant asserts that fact is evidence of the degree of representation received-none. The Thirteenth Court of Appeals disagrees, it seems to argue that the Defendant need first prove that if he had a Counsel who was there, seen and heard it would have made a difference.

That is not the standard quoted by the Court and the Appellant in *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052,80 L.Ed.2d 674 (1984) The standard agreed to is that the conduct of Counsel is so far below that expected from a reasonable attorney. No action or bad lawyering by omission is undeniably so far below the standards of reasonable behavior anywhere else but in this Judgment. The Court of Appeals ignores *Strickland* and *Thompson v. State* placing in dispute long established Federal and State case law. Once again, there a pervasive and overpowering assumption that a trial did happen, there was a plea, there was a knowing and intelligent waiver of rights and that there is evidence to defend the conviction with.

This same standard of noting the absence of required proof in the record is not evidence of deficiency is applied by the Court in issue two-No Trial No Waiver. The Appellant asserts that no evidence in the record of any of the required elements of a proper plea and sentencing i.e. *a trial* is reasonable proof that there was none. The Thirteenth Court of Appeals makes the circular argument that when the Defendant argues that there is no proof in the record, he must lose the appeal because he offers "no evidence" of this fact? The Court diverges from standard case law regarding abuse of discretion and what constitutes a valid waiver with no justification whatsoever. There mere fact that the Appellant does not prove the absence of required documents, testimony and exhibits means he must lose.

Whether or not the Trial Court abused its discretion and proceeded despite a timely, valid and reasonable request of the Defendant not to, is not questioned by the Court of Appeals or seems to require review at all.

## ISSUES PRESENTED FOR REVIEW

**ISSUE ONE**  The Defendant was irrefutably denied effective assistance of counsel when his Court Appointed Counsel failed to file any motions, refused to withdraw, failed to tender a defense and allowed the Defendant to be adjudicated "guilty" and sentenced to a term of incarceration in the County Jail without: a) waiver of jury trial; b) admission of guilt; c) plea bargain or agreement; d) a trial of any kind; and did not utter one word of protest or objection on his client's behalf to any of the above items or to e) the lack of evidence upon which the judgment of conviction was based.[2]

**ISSUE TWO**   The trial court did commit clear error when it sentenced the Defendant to a term in the County Jail without benefit of trial or waiver of same.[3]

**ISSUE NO. 1(Restated)**

The Appellant's primary point of error is a direct attack upon the lack of any legal assistance by his Court Appointed Attorney. The facts regarding no defense or advocacy are irrefutable as they are stark and absent. The omissions of his Counsel are so clearly beyond acceptable behavior, indefensible and taken overall constitute a complete lack of any defense or professional representation. The Court of Appeals concedes the record is "silent" but concludes Ozuna failed to prove another or at least a Counsel would be any different.

---

[2] The record if void of any evidence admitted in this case from the former County Attorney's Office (The State) The only way the 13th Court of Appeals knows what the conviction is for is by way of the Judgment-a form universally filled out and submitted with every conviction.

[3] A finding of "Guilt" must be assumed from the judgment as no such finding appears anywhere in the transcript of a proceeding of any kind nor mention of the word "guilt" at sentencing.(RR pgs.3-5)

**STANDARDS**

In order to prevail on an ineffective assistance of counsel point of error, Appellant Ozuna must demonstrate by a preponderance of the evidence that: (1) counsel's performance was so deficient as to fall below an objective standard of reasonableness; and (2) he was prejudiced, i.e., a reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 690, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), *Thompson v. State,* 9 S.W.3d 808, 812 (Tex.Crim.App.1999). The constitutional right to effective assistance does not mean errorless counsel. *See Brown v. State,* 974 S.W.2d 289, 292 (Tex.App.- San Antonio 1998, pet. ref'd). Ozuna must overcome the presumption that trial counsel rendered adequate assistance, and it is incumbent on him to identify those acts or omissions which do not amount to reasonable professional judgment. *See Strickland,* 466 U.S. at 689, 104 S.Ct. 2052

In this case there is absolutely nothing to prove his Counsel was even present. That fact is ignored by the Court of Appeals and blame falls upon the Appellant for failing to prove he is deserving of more. There the Court concludes that nevertheless, even under this stringent burden, ineffectiveness of counsel does exist when the effect of trial counsel's errors undermines the concept of a fair trial. *See Brown,* 974 S.W.2d at 292. Joshua Ozuna did not receive a fair trial, the record

has not evidence to say so and no proof his attorney exists.

The one thing the Counsel did do was to request a pre-sentencing report (PSR) on July 8, 2014.[4] Why this was done when there is no plea entered on the same date we do not know. What is absent is a court reporter's record reflecting a plea or waiver on that date.

So the one action taken by Appellant's Counsel is negated by his apparent failure to read it prior to October 10, 2014 or to make objections on the record at sentencing. What would be reasonable is to object under Texas Rules of Criminal Evidence 403 and 404(b) is that evidence of out of county arrests is prejudicial and not admissible at time of trial. See *Rankin v. State*, 904 S.W.2d 707 (Tex. Crim. App. 1996) and *Smith v. State*, No. 996-98, 1999 WL 415336 (Tex. Crim. App. June 23, 1999)

Noted above, Counsel failed to obtain or object to the lack of a waiver of a jury trial which is an absolute right of the Appellant. See Texas Constitution Article 1 section 10. Any mention by the State of a waiver during the sentencing hearing must nevertheless withstand strict scrutiny in this appeal. The High Court sets forth a delineated decision regarding waiver of rights in the case *John Bustamante Mendez vs. The State of Texas*, 138 S.W.3d 334 (Tex.Crim.App. 2004Citing *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 25 L.Ed.2d 108(1976)

---

[4] This date conflicts with the Court of Appeals notes regarding a "trial date." The Court cites the Judgment which clearly states a trial occurred on October 14, 2014 but there is no record of trial proceedings only sentencing and request not to continue.

The decision whether or not a person is competent and making a voluntary waiver is made by the trial Judge. However, the burden in making that determination is clearly high as the Court cannot proceed when such factors are unclear. Specifically, the *Bustamante* Court indicated that:

> "The Court may not accept a plea other than not guilty unless it appears that the defendant is mentally competent and the plea is free and voluntary. Citing TEX.CODE CRIM. PROC. Art. 26.14" *Bustamante* at 337.

Thus, the burden to make the determination as to whether or not the defendant is making a knowing and voluntary plea is upon the Court. Until that decision is made, there is no requirement that the Defendant act or prove anything regarding his knowing or intelligent waiver.

Appellant asserted to the Court of Appeals that the reasonable defense attorney could have noted that the Defendant (Appellant) has the absolute right to withdraw his desire to plea any time before the trial court renders judgment or takes the case under advisement[5]. Courts of Appeals have demonstrated this repeatedly. San Antonio's 4th Court of Appeals is no exception. In a prior case the Court held:

> A defendant may withdraw his plea as a matter of right, without assigning a reason, until judgment is pronounced or the case is taken under advisement by the trial court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim.App. 1979).

There is no evidence in existence to deny a victory to the Appellant during a

---

[5] Counsel is not conceding that the Appellant ever plead. Merely that the Court believed so mistakenly when viewing the PSR ordered in July. Nevertheless, the right to withdraw even a fictional plea remains intact.

Jury trial or it would be in this record. Again, that is proof or evidence of a different outcome. Even the Court of Appeals conceded that the Defendant made his stated desire not to proceed known and it was overruled by the Court. Judgment page 2.

This Judgment conflicts with another issued by the same court. Previously the guarantee of all Texas citizens to a jury trial of their peers listed in Article 1 §10 of the Texas Constitution was found as the primary issue on appeal in a civil case before the Thirteenth Court of Appeals.

In the matter of *Richard Whatley vs. O.F. Jones, III*, the Thirteenth Court of Appeal was faced with a civil appellant who was deprived of an actual "trial" prior to the rendering of a judgment against him. There, the Court held that:

"The United States Constitution provides that a person shall not be deprived of life, liberty, or property without due process of law. U.S. Const. amend XIV, § 1; see Tex.Const. art. 1§19. Fundamental to the concept of due process is the right to be heard." Citing *Fuentes v. Shevin*, 407 U.S. 67, 80(1972). "The right to be heard includes the right to a full and fair hearing before a court having jurisdiction over the matter. " Citing *Soeffe v. Jones*, 270 S.W.3d 617, 625(Tex.App.-San Antonio 2008, no pet). "Complete denial of the opportunity to present any evidence is a clear violation of due process." Citing *Producer's Const. Co. v. Muegge*, 669 S.W.2d 717, 718-19(Tex.1984)

See *Whatley v Jones*, (Tex. App. 2013)

There is no argument using the record that there was no trial, no offer of proof by the County and other than asking Mr. Ozuna "what he thought" about the events recorded on his pre-sentencing report, there was no opportunity for Mr.

Ozuna to either contest or present evidence in his defense. The only question is what would a reasonable defense attorney do?

The second part of analysis in this appeal is whether or not the actions or omissions of the Appellant's Appointed Counsel prejudiced him? But for the lack of a defense or advice from his attorney, the defendant would not have been found guilty on October 10, 2014 or served forty (40) days in the County Jail.

**ISSUE TWO** (restated) The trial court did commit clear error when it sentenced the Defendant to a term in the County Jail without benefit of trial or waiver of same.

The Appellant's second argument is that the sentence imposed by the Court is illegal as it was adjudged without a plea or trial. Thus the pre-requisite of being "adjudged" is not met under the statute notwithstanding all of the constitutional violations made above. § 12.21 of the Texas Penal Code states that:

> "an individual adjudged guilty of a Class A misdemeanor shall be punished by:
>> A fine not to exceed $4000.00
>> Confinement in jail for a term not to exceed one year; or
>> Both such fine and confinement."
>> Tex.P.C. § 12.21

As explained above, the record is absent any trial proceeding, plea agreement, guilty plea or finding of "guilt" by the Court. There is no adjudication as required by the statute. While the time and fine limits are not violated herein, the prerequisite of due process and a simple adjudication of guilt is not done either. Given the lack of compliance with statute, the sentence is illegal.

In determining whether or not a trial occurred, the Court of Appeals looks to subsequent documents to support this assumption. The mere appearance of the word "trial" in the judgment is sufficient evidence of the existence and sufficiency of the required constitutional rights satisfaction-record to the contrary. The Court notes that:

> "By his second issue, appellant contends that the sentence imposed by the trial court was "illegal as it was adjudged without a plea or trial." Appellant argues that there was "no adjudication" of guilt.
>
> We disagree. The clerk's record contains the "Judgment and Sentence by Court," which stated, in relevant part:
>
> On October 14, 2014, the above-styled and numbered cause came before the Court for sentencing after a Pre-Sentence Investigation had been ordered. The Defendant having pled open to the Court to the allegations in the State's complaint and information, the Court having reviewed the pre- sentence investigation report, hereby orders as follows:
>
> On October 14, 2014, this case came before the Court for review of the Pre-Sentence Investigation report and for sentencing. Evidence was presented by the parties and by probation; and the cause was submitted to the judge for sentencing.
>
> The defendant is hereby adjudged GUILTY of the offense of Possession of Marijuana in a Drug Free Zone, and having pled Nolo Contendere to the Class A misdemeanor, the date of the offense being JANUARY 8, 2014."
>
> Judgment page 6

Simply the fact that the judgment says that the "Defendant pled open to the Court…" and "…to the allegations in the State's Complaint and information" neither of which appear in the record, and that "evidence was presented by the parties and by

probation" none appears anywhere in this record on appeal, the Court of Appeals is satisfied that the trial, waiver, and procedures did occur and the absence of proof and case law Federal and State to the contrary is irrelevant. While the Appellant may have the burden, there is clear determination to disregard the absence of minimal evidence of standard procedural safeguards.

## STANDARDS

The Criminal Court of Appeals explains the nature and standards in dealing with "illegal sentence" cases. The norm is a sentence that is less than or more than the statute dictates for a particular crime. In this case, the Appellant contends that a condition requisite is not met-adjudication. In *Mizell v. State* the Appellant filed the appeal of a conviction for both charges of official oppression and civil rights violations. However the State countered with an issue on appeal regarding the amount of fine imposed by the jury. There, the court set forth the basis for an illegal sentence review.

"A sentence that is outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal." Citing *Ex parte Seidel*, 39 S.W.3d 221, 225 n. 4(Tex.Crim. App. 2001) "This Court has long held that a sentence is void when the punishment is unauthorized." *Ex parte Beck*, 922 S.W.2d 181, 182(Tex.Crim.App. 1996); *Ex parte McIver*, 586 S.W.2d 851, 854(Tex.Crim.App. 1979) "A defendant may obtain relief from an unauthorized sentence on direct appeal or by a writ of habeas corpus." Citing *Ex parte Pena*, 71 S.W.3d at 337 n 4, 338.
*Mizell v. State*, 119 S.W.3d 804, 806(Tex.Crim.App. 2003)

Despite the fact that the term of forty (40) days and One thousand two hundred ($1,200.00) is within both the range and amount allowed in §12.21, the third word requires that a person be "adjudged" guilty. For all of the absent evidence normally

contained in the record and argued by Appellant above, that requirement is not met. There is no proof of any waiver, plea or trial as defined by our jurisprudence. Without compliance with the statute the sentence is void and should be set aside by the Court of Appeals.

## PRAYER

The Appellant prays that the Court accepts this Voluntary Petition for Review and Orders both Oral Argument and Briefing on these issues, ultimately reversing both the Court of Appeals and the Trial's Court's judgment in this case and any further relief in law or in equity that the Defendant may be so entitled to

Respectfully Submitted,

OSCAR L CANTU JR
Attorney at Law PLLC
507 South Main
San Antonio, Texas 78204
(210)472-3900 Phone
(210)354-2996 Fax

By:__/s/ by Oscar L. Cantu, Jr.____
Oscar "JR" Cantu
SBN 03767448

## CERTIFICATE OF COMPLIANCE

This is to certify that the undersigned Counsel does file this Petition in filed in good faith and true. Further, this Counsel attests that the contents are within the amount allowed by the TRAP and do not exceed 4,464 words om this computer generated document with 14 point font used and 12 point footnotes.

_____/s/by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu


## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of this document has been served upon all counsel of record via a manner in compliance with the TRAP and TRCP on this, the 26th day of October, 2015 addressed as follows.

Joshua James Ozuna, Appellant
401 Clearwater
San Antonio, TX 78204
Appellant
(email tawnyaozuna@hotmail.com)
2215

The State of Texas, Appellee
c/o County Attorney's Office
Heather Stebbins
700 Main St. BA-103
Kerrville, TX 78028-

Appellee

Hon. Spencer Brown, Respondent
County Court at Law
Kerr County Courthouse
Kerrville, TX 78028

___/s/ by Oscar L. Cantu, Jr._____
Oscar "JR" Cantu

APPENDIX



**NUMBER 13-14-00734-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**JOSHUA JAMES OZUNA,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                   **Appellee.**

---

**On appeal from the County Court at Law
of Kerr County, Texas.**

---

# MEMORANDUM OPINION

**Before Justices Garza, Benavides and Longoria
Memorandum Opinion by Justice Garza**

Appellant Joshua James Ozuna pleaded nolo contendere to possession of less than two ounces of marihuana in a drug-free zone, a Class A misdemeanor offense. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.121(a), (b)(1), 481.134 (West, Westlaw through

2015 R.S.).[1] The trial court assessed punishment at forty days' confinement in county jail and a $1,200.00 fine, plus payment of court costs and attorney's fees. Appellant appeals from the denial of his motion for new trial. By two issues, appellant contends: (1) he was denied effective assistance of counsel; and (2) the trial court erred by imposing a sentence "without a plea or trial." We affirm.

## I. BACKGROUND[2]

The record is silent regarding the circumstances of the offense. The clerk's record contains a motion for new trial, submitted by appellant's appellate counsel, which states:

> COMES NOW, Counsel for the Defendant and files this Motion for New Trial and would show unto the Court as follows:
>
> 1. This case was set for sentencing on October 14, 2014.
>
> 2. Defendant made known to his counsel, the District Attorney and the Court that prior to sentencing he wished to retain alternate counsel.
>
> 3. Counsel Pat Phillips was previously appointed for the Defendant.
>
> 4. Defendant had released Mr. Phillips, informed Counsel of same and retained Oscar Cantu.
>
> 5. Counsel moved to appear as Counsel of Record for the Defendant.
>
> 6. All parties initially denied knowledge of the events described above then declined to allow the requested relief.
>
> 7. Defendant wished to withdraw his plea and tender a defense.
>
> 8. The Defendant has a viable defense to the charge(s) and no such offer was made by his Court[-]appointed Counsel nor were any motions filed on his behalf.

---

[1] We note that section 481.134 of the Texas Health & Safety Code has been amended, but the amendments are not applicable to this case.

[2] This case is before this Court on transfer from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.). The State has not filed a brief to assist us in our disposition of this case.

2

> Wherefore, premises considered, counsel moves this Court to Grant him a new trial in this matter, allow him to withdraw his plea and to any further relief, at law or in equity that he may be entitled to.

Appellant states that the motion was denied by operation of law.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review the denial of a motion for new trial under an abuse of discretion standard. *See Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004), *superseded in part on other grounds by* TEX. R. APP. P. 21.8(b); *Lewis v. State*, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); *Cueva v. State*, 339 S.W.3d 839, 856–58 (Tex. App.—Corpus Christi 2011, pet. ref'd). A trial court abuses its discretion by denying a motion for new trial only when its decision is arbitrary or unreasonable, or when no reasonable view of the record could support the trial court's ruling. *Charles*, 146 S.W.3d at 208; *Cueva*, 339 S.W.3d at 856–58. The ruling of the trial court is presumed to be correct, and it is the appellant's burden to establish the contrary. *Jensen v. State*, 66 S.W.3d 528, 545 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles, and "the mere fact that a trial court may decide a matter within its discretionary authority differently than an appellate court does not demonstrate such an abuse." *State v. Herndon*, 215 S.W.3d 901, 907–08 (Tex. Crim. App. 2007) (quoting *Howell v. State*, 175 S.W.3d 786, 792 (Tex. Crim. App. 2005)). We do not substitute our judgment for that of the trial court. *Charles*, 146 S.W.3d at 208.

"To obtain a reversal of a conviction under the *Strickland* test, a defendant must show that: (1) counsel's performance fell below an objective standard of reasonableness and (2) counsel's deficient performance prejudiced the defense, resulting in an unreliable

3

or fundamentally unfair outcome of the proceeding." *Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "Deficient performance means that 'counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Ex parte Napper*, 322 S.W.3d 202, 246 (Tex. Crim. App. 2010) (quoting *Strickland*, 466 U.S. at 687). "The prejudice prong of *Strickland* requires showing 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.* at 248 (quoting *Strickland*, 466 U.S. at 694). "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. (quoting *Strickland*, 466 U.S. at 694). "[E]ach case must be judged on its own unique facts." *Davis*, 278 S.W.3d at 353.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008) ("[U]nless there is a record sufficient to demonstrate that counsel's conduct was not the product of a strategic or tactical decision, a reviewing court should presume that trial counsel's performance was constitutionally adequate . . . ."). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at

851. An allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Bone v. State*, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002); *Thompson*, 9 S.W.3d at 814 n.6.

## II.  DISCUSSION

### A.  Ineffective Assistance

By his first issue, appellant complains that he was denied effective assistance of counsel. Specifically, he complains that his court-appointed counsel: (1) did not review or challenge any evidence offered by the State; (2) requested a pre-sentencing report that contained other alleged offenses; (3) did not object to the absence of any written waiver of jury trial in the record; and (4) did not inform appellant that he had the right to withdraw his plea any time before the trial court rendered judgment.

Of these complaints, the only one arguably raised to the trial court is that appellant "wished to withdraw his plea and tender a defense." The reporter's record reflects the sentencing hearing and consists of two-and-a-half pages. At the end of the sentencing hearing, after the trial court has assessed punishment, appellant responded, "Okay. That's cool." Appellant's mother attempted to raise an issue regarding appellant's "other new attorney," but the State objected and the trial court did not permit any further discussion.

Here, the sparse record is completely silent on the actions or alleged omissions of appellant's court-appointed counsel. The record contains nothing to support appellant's claims. We conclude that appellant's allegations of ineffectiveness are not firmly founded in the record. *See Bone*, 77 S.W.3d at 835.

Moreover, appellant has not shown that there is a reasonable probability that but

5

for trial counsel's alleged errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 694. He argues only that, if appellant's court-appointed counsel had noted that there was no voluntary waiver form in the file, it would have allowed sufficient time for appellant's retained counsel to appear and provide a defense. In his motion for new trial, appellant asserts that he "has a viable defense," but does not identify the defense. We hold that appellant has not met his burden to prove ineffective assistance of counsel by a preponderance of the evidence. *Thompson*, 9 S.W.3d at 813. We overrule appellant's first issue.

## B. No Trial or Waiver

By his second issue, appellant contends that the sentence imposed by the trial court was "illegal as it was adjudged without a plea or trial." Appellant argues that there was "no adjudication" of guilt.

We disagree. The clerk's record contains the "Judgment and Sentence by Court," which stated, in relevant part:

> On October 14, 2014, the above-styled and numbered cause came before the Court for sentencing after a Pre Sentence Investigation had been ordered. The Defendant having pled open to the Court to the allegations in the State's complaint and information, the Court having reviewed the pre-sentence investigation report, hereby orders as follows:

> On October 14, 2014, this case came before the Court for review of the Pre-Sentence Investigation report and for sentencing. Evidence was presented by the parties and by probation; and the cause was submitted to the judge for sentencing.

> The defendant is hereby adjudged GUILTY of the offense of Possession of Marijuana in a Drug Free Zone, and having pled Nolo Contendere to the Class A misdemeanor, the date of the offense being JANUARY 8, 2014.

The remainder of the judgment recites the punishment assessed by the court. In addition,

6

at the beginning of the sentencing hearing, the prosecutor informs the trial court that "we pled the case and set it for a PSI." The record reflects that appellant pleaded nolo contendere and was adjudged guilty by the trial court. We overrule appellant's second issue.

## IV. Conclusion

We affirm the trial court's judgment.


Dori C. Garza
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
17th day of September, 2015.

7